IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MYRON JEROME GREEN,**

      Movant,

  v.

**UNITED STATES OF AMERICA,**

      Respondent.

Civil No. 2: 19-cv-3046
Crim No. 2:10-cr-132
Judge James l. Graham
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 31.) This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14–1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Court ("Rule 4(b)"), this Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the motion must be dismissed. *Id*. Rule 4(b) allows for the dismissal of motions that state "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, it plainly appears that Movant is not entitled to relief because he was convicted of a crime of violence. Accordingly, the Undersigned **RECOMMENDS** that the motion to vacate be **DENIED** and that this action be **DISMISSED**.

## Discussion

Movant pleaded guilty, pursuant to a negotiated plea agreement, to two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C § 924(c); and possession of a firearm by a convicted felon in and affecting commerce in violation of 18 U.S.C. § 922(g)(1). (ECF No. 17.) On November 9, 2010, Movant was sentenced to an aggregate term of 252 months of imprisonment to be followed by an aggregate term of five years supervised release. (ECF No. 25.) Movant did not file a direct appeal. On July 4, 2019, Movant filed his motion to vacate by placing it in the prison mailing system. (ECF No. 31.) In that motion, he contends that his § 924(c) convictions are invalid in light of the United States Supreme Court's recent ruling in *United States v. Davis*, — U.S. —, 139 S.Ct. 2319, 2019 WL 2570623 (2019).

In *Davis*, the Supreme Court considered the constitutionality of § 924(c), which "threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes." *Davis*, 2019 WL 2570623, at *3. Specifically, the statute provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any *crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). The statute further defines "crime of violence" as an offense that is a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "elements" or "use-of-force" clause, while the second clause, § 924(c)(3)(B), is referred to as the "risk" or "residual" clause.

In *Davis*, the Supreme Court concluded that the residual clause was unconstitutionally vague in violation of the Due Process Clause and separation of powers principles. *Davis*, 2019 WL 2570623, at \*13. Movant contends that he is entitled to relief because of that ruling. He reasons that his convictions for two counts of armed bank robbery in violation of §§ 2113(a) and (d) constituted crimes of violence pursuant to the residual clause and that they no longer do because the residual clause has been invalidated.

The Magistrate Judge disagrees. First, it is unclear if the *Davis* ruling can be applied retroactively on collateral review.[1] Even without considering that issue, however, the Magistrate Judge concludes that Movant is not entitled to relief because his armed bank robbery convictions constitute crimes of violence pursuant to the use-of-force clause. *See United States v. Henry,* 722 Fed. App'x. 496, 500 (6th Cir. 2018) (explaining that because a necessary element of bank robbery is the use of force, violence, or intimidation, it constitutes a crime of violence under § 923(c)(3)(A)'s elements or use-of-force clause); *United States v. McBride*, 826 F.3d 293, 295–96 (6th Cir. 2016) (finding that bank robbery constitutes a crime of violence under the identical use-of-force clause in U.S.S.G. § 4B1.2(a)(1)), *cert. denied*, 137 S.Ct. 830 (2017).[2] A person commits bank robbery if he by "force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank . . . ." 18 U.S.C. § 2113 (a). Armed bank robbery further requires showing that the defendant "assault[ed] . . . or put[] in jeopardy the life of any person by the use

---

[1] Even though the majority opinion in *Davis* does not address retroactivity, the dissent acknowledged that it remains an open question:

> Many offenders who have already committed violent crimes with firearms—and who have already been convicted under § 924(c)—may be released early from prison. The Court's decision will apply to all defendants whose convictions are not yet final on direct review and who preserved the argument. With the benefit of this Court's decision, many dangerous offenders who received lengthy prison sentences as a result of their violent conduct might walk out of prison early. And who knows whether the ruling will be retroactive?

*Davis,* 2019 WL 2570623, at *29.

[2] Although § 2113(a) also contemplates bank robbery by extortion, it is clear from the plea agreement that Movant pleaded guilty to and was convicted of armed bank robbery and that he thus did not commit bank robbery by extortion. *See* ECF Nos. 16, 17.

4

of a dangerous weapon or device" in committing the bank robbery. *Id*. § 2113(d). Movant pleaded guilty to committing armed bank robbery in violation of these provisions. (ECF Nos. 16, 17.) Indeed, Movant acknowledges in his motion to vacate that he was convicted of "bank robbery by force or violence." (ECF No. 31, at PAGE ID # 169.)

Because the Movant's armed bank robbery convictions constitute crimes of violence under the use-of-force clause, the residual clause was never implicated in his underlying criminal case. Accordingly, the Magistrate Judge concludes that the ruling in *Davis*, addressing only the residual clause, does not impact Movant's case.

## Recommended Disposition

For these reasons, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **DENIED** and this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have a District Judge review the Report

and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**DATE: July 30, 2019**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**